**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:
HOWARD E. HAYES, JR.,

Debtor.
_______________________________________/

HOWARD E. HAYES, JR.,

Appellant,

v. Case No. 8:26-cv-1988-TPB
Bankr. No. 8:23-bk-399-CED

KELLY REMICK,

Appellee.
_______________________________________/

**ORDER DENYING APPELLANT'S "EMERGENCY MOTION FOR TEMPORARY ADMINISTRATIVE STAY, STAY PENDING APPEAL, AND INJUNCTION PRESERVING THE STATUS QUO"**

This matter is before the Court on Appellant Howard E. Hayes, Jr.'s *pro se* "Emergency Motion for Temporary Administrative Stay, Stay Pending Appeal, and Injunction Preserving the Status Quo," filed on August 10, 2026. (Doc. 3). Upon review of the motion, court file, and the record, the Court find as follows:

Appellant's motion principally seeks relief related to the Bankruptcy Court's April 20, 2026, Order Granting Prospective Relief from Stay and Co-Debtor Stay. But that Order is not the subject of this appeal. This appeal concerns the Bankruptcy Court's April 21, 2026, Order Denying Confirmation and Dismissing Case. Appellant separately appealed the April 20th Order in Case No. 8:26-cv-

1957-JLB, which is pending before another judge of this Court. Indeed, although filed in this action, the motion identifies the April 20th Order as the order under review and expressly requests that the Court stay that Order pending appeal. To the extent Appellant seeks relief related to the April 20th Order, such relief is not properly sought in this action. This Order does not preclude Appellant from seeking relief in the other action, if appropriate.

To the extent Appellant seeks similar relief pending this appeal, he has not satisfied Federal Rule of Bankruptcy Procedure 8007. A party ordinarily must first seek a stay pending appeal or an injunction while an appeal is pending from the Bankruptcy Court. Fed. R. Bankr. P. 8007(a)(1). Although a party may seek such relief initially in the district court if "moving first in the bankruptcy court would be impracticable," the party must "explain why." Fed. R. Bankr. P. 8007(b)(2)(A).

Appellant asserts that seeking relief first from the Bankruptcy Court is impracticable because a hearing is scheduled in the state court foreclosure action for August 12, 2026. But he does not state when he learned of the hearing, explain why relief could not have been sought from the Bankruptcy Court earlier, or explain why the Bankruptcy Court could not consider an emergency request before the scheduled hearing. Moreover, although Appellant characterizes his request as an emergency requiring relief before August 12th, the record does not establish that a foreclosure sale, transfer of the property, or other irreversible event is scheduled to occur on that date. Rather, the August 12th proceeding appears to be a hearing on Deutsche Bank's amended motion for summary final judgment of foreclosure and as to Appellant's counterclaim. Under these circumstances, Appellant has not

established that seeking relief first from the Bankruptcy Court would be impracticable.

Consequently, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE