**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:
HOWARD E. HAYES, JR.,

Debtor.
______________________________________/

HOWARD E. HAYES, JR.,

Appellant,

v. Case No. 8:26-cv-1988-TPB
Bankr. No. 8:26-bk-399-CED

KELLY REMICK,

Appellee.
______________________________________/

**ORDER AFFIRMING DISMISSAL OF CHAPTER 13 CASE**

This matter is before the Court on the bankruptcy appeal filed by Appellant Howard E. Hayes, Jr., challenging the bankruptcy court's order denying confirmation of his Chapter 13 plan and dismissing his bankruptcy case. Appellant filed an initial brief, which the Court accepted as timely filed. (Doc. 10). Appellee Kelly Remick, the Chapter 13 Trustee, filed a response brief. (Doc. 16). Upon review of the record on appeal, the briefs, and the court file, the Court finds as follows:

**Background**

This case arises from a Chapter 13 bankruptcy proceeding in which Appellant Howard E. Hayes, Jr. sought relief while disputing the enforceability of mortgage obligations involving two properties. One mortgage creditor, Wells Fargo, had previously obtained a foreclosure judgment against Appellant that was affirmed on

appeal. Another creditor, Deutsche Bank, was pursuing separate foreclosure litigation in state court. Appellant continued to challenge the creditors' rights to enforce the mortgages during the bankruptcy proceedings.

Appellant proposed a Chapter 13 plan requiring monthly payments of approximately $54. The mortgage creditors objected to confirmation, and the Chapter 13 Trustee raised concerns regarding the plan's treatment of the secured claims. At the initial confirmation hearing on March 9, 2026, the bankruptcy court addressed the deficiencies in Appellant's proposed plan and continued the confirmation hearing to afford Appellant additional time to address those deficiencies.

On March 10, 2026, the Trustee moved to dismiss the bankruptcy case based on deficiencies in Appellant's documentation and proposed plan. The bankruptcy court reserved ruling on the motion, rescheduled the meeting of creditors for April 20, 2026, and directed Appellant to file an amended plan at least seven days before that meeting. The bankruptcy court subsequently entered an order continuing the confirmation hearing to April 13, 2026, which advised Appellant of the possibility that confirmation would be denied and the case dismissed. Appellant did not file an amended plan.

At the April 13, 2026, confirmation hearing, the bankruptcy court explained that Appellant could not use the bankruptcy proceedings to revisit the state court foreclosure judgment and that his proposed plan did not adequately provide for the mortgage creditors. The bankruptcy court also noted that Appellant and his wife had filed three bankruptcy cases since February 2025, which had delayed the creditors' ability to pursue foreclosure. Concluding that the proposed plan was not confirmable

and that Appellant was not using the bankruptcy proceedings for their intended purpose, the bankruptcy court denied confirmation and dismissed the Chapter 13 case. On April 21, 2026, the bankruptcy court entered its written order denying confirmation and dismissing the case without prejudice. Appellant now challenges that decision, arguing that the bankruptcy court failed to identify sufficient cause for dismissal, denied him adequate notice and an opportunity to be heard, and should have afforded him additional time to address the deficiencies in his proposed plan.

## Analysis

Under 28 U.S.C. § 158(a), this Court has jurisdiction to review final orders of the bankruptcy court. The Court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). A bankruptcy court's dismissal of a case for cause is reviewed for abuse of discretion. *In re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013); *In re Echeverry*, 720 F. App'x 598, 599 (11th Cir. 2018).

Under 11 U.S.C. § 1307(c), a bankruptcy court may, after notice and a hearing, dismiss a Chapter 13 case for cause when dismissal is in the best interests of creditors and the estate. The statute provides a nonexclusive list of grounds constituting cause, including unreasonable delay by the debtor that is prejudicial to creditors and denial of confirmation of a plan coupled with denial of a request for additional time to file another plan or modification. 11 U.S.C. § 1307(c)(1), (5); *In re Kunsman*, 749 F. App'x 786, 789 (11th Cir. 2018).

Here, the record supports the bankruptcy court's decision to deny confirmation and dismiss Appellant's case. Although the written dismissal order did not identify a

specific statutory ground for dismissal, the bankruptcy court explained its reasoning on the record at the April 13, 2026, confirmation hearing. (Doc. 6). Appellant's proposed plan did not adequately provide for his mortgage creditors, and the proposed monthly payment of $54 was insufficient to satisfy the requirements for confirmation. The bankruptcy court also considered the history of bankruptcy filings by Appellant and his wife and the resulting prejudice to creditors. Appellant's continued use of the bankruptcy proceedings to delay his creditors without proposing a confirmable plan constituted sufficient cause for dismissal under § 1307(c).

The bankruptcy court did not abuse its discretion by declining to afford Appellant additional time to amend his proposed plan. Appellant had already been afforded an opportunity to address the deficiencies identified at the initial confirmation hearing. Despite that opportunity, Appellant did not file an amended plan and instead continued to challenge the creditors' rights to enforce the mortgages. Appellant's ongoing disputes with the mortgage creditors did not establish that his proposed plan was confirmable or that additional time would remedy its deficiencies. Under these circumstances, the bankruptcy court reasonably concluded that dismissal was in the best interests of creditors and the estate.

Appellant's argument that he was denied adequate notice and an opportunity to be heard is likewise unpersuasive. Prior to the April 13, 2026, confirmation hearing, Appellant was aware of the objections to confirmation, the Trustee's pending motion to dismiss, and the deficiencies identified at the initial confirmation hearing. The order continuing the confirmation hearing also advised Appellant of the possibility of dismissal. The fact that the bankruptcy court had reserved ruling on the Trustee's

motion to dismiss and rescheduled the meeting of creditors for a later date did not preclude dismissal based on Appellant's continued failure to propose a confirmable plan. Moreover, the record reflects that Appellant participated in both confirmation hearings, submitted filings addressing the mortgage creditors' claims, and presented his position concerning those claims. The bankruptcy court considered Appellant's position and explained why his challenges to the mortgage obligations did not provide a basis for proceeding under his proposed Chapter 13 plan. Under these circumstances, the Court finds that Appellant received adequate notice and a meaningful opportunity to be heard.

Consequently, the Court finds no reversible error in the bankruptcy court's decision to deny confirmation and dismiss the Chapter 13 case.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The bankruptcy court's order denying confirmation and dismissing the Chapter 13 case is **AFFIRMED**.
2. The Clerk is directed to transmit a copy of this Order to the bankruptcy court, terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of November, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE